# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Estate of Hoogerwerf*, 2012 IL App (4th) 110329

---

| | |
|---|---|
| Appellate Court Caption | In re: the Estate of JOHN HOOGERWERF, Deceased, VICKIE HOOGERWERF, Individually and as Special Administratrix of the Estate of JOHN HOOGERWERF, Plaintiff-Appellee, v. (No. 4-11-0329) HONEYWELL INTERNATIONAL, INC., Defendant-Appellant.–In re: the Estate of GUY LEGATE, Deceased, ANTOINETTE LEGATE, Individually; and MICHAEL LEGATE, Special Administrator of the Estate of GUY LEGATE, Plaintiffs-Appellees, v. (No. 4-11-0505) HONEYWELL INTERNATIONAL, INC., Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-11-0329, 4-11-0505 cons. |
| Argued | January 11, 2012 |
| Filed | February 2, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In consolidated appeals in asbestos exposure cases where default judgments were entered for plaintiffs when defendant failed to produce a witness at each trial pursuant to Supreme Court Rule 237(b), the judgments were vacated in each case and each cause was remanded for new hearings to determine whether Rule 237(b) applied, since the issue of whether the witness was defendant's "officer, director or employee" was not addressed. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, Nos. 04-L-92, 07-L-146; the Hon. Paul G. Lawrence, and the Hon. Scott Drazewski, Judges, presiding. |

| Judgment | Vacated; causes remanded with directions. |
| --- | --- |
| Counsel on Appeal | Steven H. Hoeft, Craig H. Zimmerman, Colleen E. Baime (argued), and Michael W. Weaver all of McDermott, Will & Emery LLP, of Chicago, for appellant. |
| | James Wylder (argued), Lisa Corwin, and Andrew J. Kelly, all of Wylder Corwin Kelly LLP, of Bloomington, for appellees. |
| Panel | JUSTICE COOK delivered the judgment of the court, with opinion. Justices Appleton and McCullough concurred in the judgment and opinion. |

**OPINION**

¶ 1     These consolidated appeals were brought from final judgments in a pair of asbestos-related civil conspiracy actions. In each of these cases, the trial court entered default judgment against defendant Honeywell International, Inc. (Honeywell), on the issues of liability and causation when it found Honeywell failed to comply with an order to produce Joel Charm as a witness at trial pursuant to Illinois Supreme Court Rule 237(b) (eff. July 1, 2005). Honeywell appeals in each case, arguing the court erred by finding Charm was subject to Rule 237(b) and for entering default judgment against Honeywell. Because the parties and the court unsatisfactorily addressed the central issue–namely, whether Charm was at the time of trial an officer, director, or employee of Honeywell–we vacate the judgment in each case and remand for new hearings on the applicability of Rule 237(b) to Charm and Honeywell.

¶ 2                          I. BACKGROUND

¶ 3     In case No. 4-11-0329, in June 2004, plaintiff Vickie Hoogerwerf sued Honeywell and other corporate defendants on behalf of herself and her children for the alleged wrongful death of her husband, John Hoogerwerf. By May 2006, when the case was originally set for trial, all defendants had settled except Honeywell. A trial in May 2006 ended in a mistrial; a verdict for Hoogerwerf following an October 2006 retrial was later vacated. Charm testified at both of these trials. Retrial was eventually set to begin on April 4, 2011.

¶ 4     In case No. 4-11-0505, in September 2007, plaintiff Antoinette Legate and her husband Guy Legate sued Honeywell and other corporate defendants for damages allegedly resulting from Guy's asbestos exposure. When Guy passed away, plaintiff Michael Legate was substituted as a plaintiff as special administrator of Guy's estate. All defendants except Honeywell have settled. The trial in this case was eventually set to begin on June 6, 2011.

-2-

¶ 5        In advance of trial in each case, Honeywell was served with a Rule 237(b) notice requesting that Honeywell produce Charm and others to testify at trial. Plaintiffs and Honeywell had disclosed Charm as a potential witness due to his knowledge of Honeywell's corporate history and his frequent and continuing involvement in Honeywell's asbestos litigation as a witness and as an advisor to Honeywell. For some time until he resigned in 1997, according to Honeywell, Charm was an industrial hygienist and corporate head of product safety for AlliedSignal, Inc., and its predecessors before that company merged with Honeywell. Since 1997, Charm has been the owner and sole employee of Charm HS&E International, Inc. (Charm HS&E), a consulting firm. The parties agree that the bulk of Charm HS&E's consulting work has been for Honeywell. In his current capacity, Charm has assisted Honeywell in asbestos litigation by reviewing and verifying written discovery responses and testifying at depositions and trials, sometimes at Honeywell's behest pursuant to orders under Rule 237(b).

¶ 6        In March 2011, with proceedings pending in the instant cases, Honeywell renegotiated its consulting contract with Charm. Specifically, a clause in the amended contract allowed Charm to negate the contract if Honeywell attempted to require him to travel more than 100 miles from his residence in upstate New Jersey. Charm indicated he was no longer willing to travel to Illinois to testify in asbestos trials but would remain available to testify in depositions so long as they required travel only within this 100-mile radius.

¶ 7        Later that month, in case No. 4-11-0329, Honeywell moved to quash Hoogerwerf's Rule 237(b) notice with respect to Charm. Honeywell asserted he was outside the scope of Rule 237(b) pursuant to *White v. Garlock Sealing Technologies, LLC*, 398 Ill. App. 3d 610, 924 N.E.2d 53 (2010), as he was not Honeywell's officer, director, or employee. On March 30, 2011, the trial court, Judge Paul G. Lawrence, held a hearing on Honeywell's motion to quash in addition to other matters. The court denied the motion, finding that Rule 237(b) applied to Charm by virtue of his ongoing relationship with Honeywell. The court stated Charm would fall within the scope of Rule 237(b) so long as he continued providing services to Honeywell.

¶ 8        On April 4, 2011, when trial was set to begin in that case, Honeywell notified the trial court that Charm refused to appear although asked to do so. The court entered default judgment against Honeywell and for Hoogerwerf on the issues of liability and causation. Following a trial on damages only, the jury returned a verdict in the amount of $4,320,000. After adjusting for setoffs, the court entered judgment for $2,950,000 against Honeywell and for Hoogerwerf. On April 15, 2011, Honeywell filed its timely notice of appeal, effecting its appeal in case No. 4-11-0329.

¶ 9        On May 23, 2011, in case No. 4-11-0505, Honeywell moved to quash Antoinette and Michael's Rule 237(b) notice with respect to Charm. On May 25, 2011, the trial court, Judge Scott Drazewski, held a hearing on Honeywell's motion to quash in addition to other matters. In their argument, plaintiffs cited the ruling in Hoogerwerf's trial (entered by a different trial judge) as persuasive authority that Charm remained subject to the rule. The court denied Honeywell's motion, distinguishing this case from *White* and noting that Honeywell would, if its renegotiated contract with Charm controlled the court's Rule 237(b) determination, thereby be empowered to circumvent the rule altogether. The court found that Charm was

subject to Rule 237(b) and Honeywell could be compelled to produce him pursuant to that rule.

¶ 10    On June 6, 2011, when Honeywell disclosed that Charm would not appear at trial in that case, the trial court entered default judgment against Honeywell and for Anoinette and Michael on the issues of liability and causation. These parties later stipulated that plaintiffs would have proved damages against Honeywell in the amount of $250,000 for Antoinette and $500,000 for Michael. Honeywell subsequently filed its timely notice of appeal, effecting its appeal in case No. 4-11-0505.

¶ 11    On December 29, 2011, this court consolidated these appeals on its own motion. The parties were given until January 4, 2012, to object to the consolidation and none has done so.

¶ 12                                        II. ANALYSIS

¶ 13    On appeal in each case, Honeywell argues the trial court erred by finding Honeywell could be compelled under Rule 237(b) to produce Charm at trial and later entering default judgment against Honeywell when Charm failed to appear. Because the issue of whether Charm was Honeywell's officer, director, or employee was not addressed, we vacate the court's judgments and remand for a new hearing in each case on whether Charm was subject to Rule 237(b).

¶ 14    Rule 237(b) allows a trial court to demand the appearance at trial of "a person who at the time of trial *** is an officer, director or employee of a party" and to impose sanctions on the party if that person fails or refuses to appear. In *White*, 398 Ill. App. 3d at 621, 924 N.E.2d at 61, this court stated that Rule 237(b), by its "clear and unambiguous" terms, does not allow a court to order a party to produce at trial any person who is not at the time of trial an officer, director, or employee of that party. Determining whether a person's relationship with a firm is that of an officer, director, or employee–rather than, for example, an independent contractor–requires application of "limited and legal terms of art" in the defined factual scenario. *Id.* at 621, 924 N.E.2d at 62.

¶ 15    Plaintiffs attempt to evade the principles enunciated in *White* as the facts of the present cases distinguish it. Indeed, comparing these cases' facts to *White*'s is useful in determining the degree of relevance of that case's *holding*–that the corporate defendant in that case could not be compelled to produce at trial a particular witness who was not the defendant's employee. However, this court's interpretation of Rule 237(b) in that case remains binding. That is, while their particular application will depend on the facts of each case, the same legal rules delineating the scope of Rule 237(b) necessarily govern all such cases.

¶ 16    In case No. 4-11-0505, the trial court indicated otherwise when it pronounced its ruling on Honeywell's motion to quash, stating,

> "Yes, Mr. Mangan [(Honeywell's counsel)], you are correct that the Appellate Court says what it says [in *White*], and that is why, I think, that the initial hurdle that had to be cleared from the plaintiffs' perspective is telling me why [*White*] doesn't apply with respect to these facts and circumstances as it relates to the arrangement that is in place between Honeywell and Mr. Charm. ***

* * *

> *** [F]rom the court's perspective, *** there's a *bona*[ ]*fide* difference *** between the relationship between Honeywell and Charm [in this case] and the relationship between White and Carlson [in *White*], *** and I believe that would fall *** outside the general proposition that was enunciated by Justice Steigmann within the majority opinion [of *White*]."

Similarly, the court in case No. 4-11-0329 failed to address *White* in its determination that Rule 237(b) applied to Charm and Honeywell. Regardless of the factual differences between these cases and *White*, however, the court erred in each case when it strayed from this court's prior interpretation of Rule 237(b) limiting its scope to a party's officers, directors, and employees. Under *White*, the determination of whether a witness is a party's officer, director, or employee is an absolute prerequisite to ruling on whether that party can be compelled to produce the witness at trial. That determination was not made in these cases.

¶ 17        As it appears settled that Charm is not an officer or director of Honeywell, the question whether Rule 237(b) authorized the trial court in these cases to compel Honeywell to produce Charm at trial and to sanction Honeywell when Charm later failed to appear depended on whether Charm was Honeywell's employee. In its briefs in these cases, Honeywell refers to Charm as an independent contractor, not an employee. It claims, for example, in case No. 4-11-0505, "It is undisputed that Charm was [not an officer, director, or employee] as to Honeywell at the time of this trial." To the contrary, Honeywell's assertions merely beg the central question of these cases without addressing it, and whether Charm was Honeywell's employee remains disputed. (While plaintiffs have not specifically argued Charm was an employee, we decline to reverse the trial courts' Rule 237(b) determinations outright as plaintiffs succeeded in persuading the court in each case that Charm was subject to Rule 237(b). That is, that Honeywell recited the correct language and plaintiffs did not does not signify that Honeywell's position is necessarily meritorious.)

¶ 18        Instead of addressing the question of Charm's employment relationship with Honeywell, the parties in their arguments before the trial courts and this court have discussed the legal and practical ramifications of a decision in favor of Honeywell (according to plaintiffs, firms will hide plaintiffs' key witnesses behind employment contracts purporting to restrict their appearance at trials) or plaintiffs (according to Honeywell, firms will be denied due process if demanded to produce persons for trial who are beyond the firms' control). Aside from Honeywell's unsupported assertions that Charm is not a current employee, however, the parties have failed to frame their Rule 237(b) argument as an argument of Charm's status as either an employee or an independent contractor as those "limited and legal terms of art" have come to be defined by the courts. They have not referred to considerations relevant to distinguishing an employee from an independent contractor or cited and analyzed relevant case law as ordinarily required by Illinois Supreme Court Rules 341(h)(7) and (i) (eff. July 1, 2008).

¶ 19        As the parties' arguments failed–and continue to fail–to address the crucial issue of the Rule 237(b) analysis following *White*, we find no sufficient basis for the trial court to have ruled in favor of either party in these cases. In case No. 4-11-0505, the court explicitly relied

on stated factual considerations in determining that Charm was subject to Rule 237(b), including the proportion of Charm's total consulting revenues derived from his work with Honeywell, Charm's role as an advisor to Honeywell on asbestos-litigation matters, his participation in Honeywell's discovery in this and other cases, "the role that he has assumed as a witness on behalf of Honeywell on numerous occasions here in the state of Illinois," his knowledge of Honeywell's corporate history, the possibility that Honeywell renegotiated Charm's contract with the nefarious intent of removing him from the authority of the supreme court rules, and the necessity of his testimony to Antoinette and Michael's case. These considerations alone are not necessarily determinative, and it appears the court in case No. 4-11-0505 purposely avoided finding that Charm was or was not an employee of Honeywell after it determined *White* was irrelevant. The court in case No. 4-11-0329 similarly avoided explicitly finding that Charm was Honeywell's employee. We decline to address the question of whether Charm was Honeywell's employee before the court in each of these cases has ruled on it and without pertinent argument from the parties.

¶ 20                                    III. CONCLUSION

¶ 21       For these reasons, in each of these cases, we vacate the trial court's judgment and remand for a new hearing, consistent with this opinion, on whether Honeywell may be compelled to produce Charm at trial pursuant to Rule 237(b).

¶ 22       Vacated; causes remanded with directions.